## In the Matter of Robert C. SZILAGYI, Respondent.

### No. 46S00–1204–DI–217.

Supreme Court of Indiana.

June 20, 2012.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** As part of Respondent's 2009 divorce decree, his wife's last name was restored to her name prior to the marriage and Respondent was awarded the marital home. Later that year, Respondent pursued refinancing of the home, which required his former wife to execute a quitclaim deed of her interest to him. Respondent's secretary prepared the deed using the former wife's restored name rather than her married name as reflected on the title. The secretary sent

the quitclaim deed to the former wife, who signed it with her restored name and returned it without being notarized.

Respondent did not review the quitclaim deed until the day of the closing. When he discovered the problems, he asked his secretary to prepare a new deed. He then signed his former wife's married name on the deed, signed his secretary's name as notary, and used his secretary's notary stamp on the deed, all without the knowledge of consent of either his former wife or his secretary. As a result, the secretary became the subject of an investigation by the Indiana Secretary of State into the authenticity of the notarization.

The parties cite the following facts in aggravation: (1) Respondent's misconduct was due to a dishonest or selfish motive, i.e., the wish to avoid an unpleasant conversation with his former wife to explain his urgent need for her assistance; and (2) Respondent, having practiced law for over 30 years, should have known the importance of authentic legal documents and how this type of misconduct can impugn the reputation of lawyers and the integrity of the legal system.

The parties cite the following facts in mitigation: (1) Respondent has no disciplinary history; and (2) Respondent is remorseful and accepts responsibility for his actions.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

8.4(c): Engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

8.4(d): Engaging in conduct prejudicial to the administration of justice.

**Discipline:** The parties propose the appropriate discipline is a sixty-day suspension with automatic reinstatement. The Court, having considered the submissions of the parties, now approves the agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of sixty days, beginning August 1, 2012.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the period of suspension, provided there are no other suspensions then in effect, Respondent shall be automatically reinstated to the practice of law, subject to the conditions of Admission and Discipline Rule 23(4)(c).

The costs of this proceeding are assessed against Respondent.

The Clerk is directed to forward a copy of this Order to the parties or their respective attorneys and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.